**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JASON LINDEMANN**

**and**

**KARRA LINDEMANN,**

                    Plaintiffs,

**vs.**                              **CASE NO. _____**

**GLOBAL SERVICES GROUP LLC**
**d/b/a GLOBAL SERVICE GROUP LLC**
**OF DELAWARE (a Delaware Company)**
**and RUTH POUTANEN (an individual)**
**and CHRISTOPHER T. FOUFAS (an individual)**
**and MICHAEL J. D'AMBROSE (an individual)**
**and JOHN DOE,**
     _____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1.      Plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA").

2.      Defendant Global Services Group, LLC d/b/a Global Service Group LLC of Delaware ("GSG") left deceptive prerecorded messages on Plaintiffs' cellular telephones to elicit a return telephone call from Plaintiffs. When Plaintiff, Karra

Lindemann, returned the telephone call, GSG attempted to extort money from Plaintiffs using unlawful collection tactics, including, but not limited to, using false statements, threats, and intimidation.

3.    The use of these unlawful debt collection practices by GSG and other debt collectors is an epidemic, as described in the numerous complaints filed over the past few years by the Federal Trade Commission, Consumer Financial Protection Bureau, and various attorney generals across the country.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b)(3).   See Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiffs reside here and GSG placed telephone calls into this District.

## PARTIES

5.    Plaintiff, Jason Lindemann ("Mr. Lindemann") is a natural person and a citizen of the State of Florida, residing in Pasco County in the Middle District of Florida.

6.    Mr. Lindemann is a "debtor" or "consumer" as defined by the FDCPA and FCCPA.

7.    Plaintiff, Karra Lindemann ("Mrs. Lindemann") is a natural person and a citizen of the State of Florida, residing in Pasco County in the Middle District of Florida. Mr. and Mrs. Lindemann are a married couple.

8.    Defendant, GSG Services Group LLC d/b/a GSG Service Group of Delaware ("GSG") is a foreign business corporation organized and existing under the

laws of the State of Delaware with its principal place of business and corporate offices in Chicago, Illinois. GSG is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is Incorp Services, Inc. GSG regularly conducts business in the State of Florida including the Middle District of Florida.

9. GSG regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

10. GSG regularly collects or attempts to collect debts for other parties.

11. GSG is a "debt collector" as that term is defined in the FDCPA and FCCPA.

12. GSG was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13. Defendant, Ruth Poutanen ("POUTANEN"), is a natural person residing in McFarland, Wisconsin. POUTANEN personally, or through agents, regularly conducts business in the State of Florida including the Middle District of Florida.

14. Defendant, Michael J. D'Ambrose ("D'AMBROSE"), is a natural person residing in Chicago, Illinois. D'AMBROSE personally, or through agents, regularly conducts business in the State of Florida including the Middle District of Florida.

15. Defendant, Christopher T. Foufas ("FOUFAS"), is a natural person residing in Chicago, Illinois. FOUFAS personally, or through agents, regularly conducts business in the State of Florida including the Middle District of Florida.

16.     Defendant John Doe is the creditor to whom the alleged debt is owed. Plaintiffs are presently unaware of the identity of the creditor, but will obtain it through discovery, and amend their Complaint accordingly.

## FACTUAL ALLEGATIONS

17.     GSG sought to collect from Plaintiffs an alleged debt arising from transactions incurred for personal, family, or household purposes, namely a payday loan with Midland Financial allegedly incurred by Mr. Lindemann (the "alleged debt").

18.     In June 2017, in connection with the collection of the alleged debt, GSG began placing telephone calls to the Lindemann's and their families.

19.     In an attempt to collect the alleged debt, on numerous occasions GSG left the following pre-recorded message on each of Plaintiffs' cellular telephones: "Hello. This is Beth from Global Services. Please call me back at 888-240-0182 regarding a personal matter. Thank you." Collectively, "the telephone messages."

20.     On June 27, 2017 at 7:02 PM, Mrs. Lindemann returned the telephone calls by calling 888-240-0182. Hereinafter referred to as "the return telephone call."

21.     During the return telephone call, Mrs. Lindemann spoke to GSG representative "Mathew Macaway."

22.     During the return telephone call, "Mathew Macaway" said the telephone calls were in regard to a legal matter that Midland Financial had against Mr. Lindemann for breach of contract.

23.     During the return telephone call, "Mathew Macaway" never stated that GSG was a debt collector.

24.     During the return telephone call, "Mathew Macaway" told Mrs. Lindemann that if they could not resolve it GSG would take legal action.

25.     During the return telephone call, "Mathew Macaway" initially refused to send anything in writing to Plaintiffs.

26.     During the return telephone call, when Mrs. Lindemann insisted on something in writing, "Mathew Macaway" informed Mrs. Lindemann he could only send her something in writing if she had the intent to settle the matter while on the phone with him.

27.     During the return telephone call, "Mathew Macaway" refused to give Mrs. Lindemann GSG's street address stating only that he was located in Fort Lauderdale, Florida.

28.     Refusing to give the street address of the collection company, refusing to send the consumer anything in writing, and exerting high pressure to try and scare consumers into paying debts they do not recognize are hallmark traits of what the FTC has coined "fake debt collectors." According to the FTC, "Consumers across the country report that they're getting telephone calls from people trying to collect on loans the consumers never received or on loans they did receive but for amounts they do not owe. Others are receiving calls from people seeking to recover on loans consumers received but where the creditors never authorized the callers to collect for them." The fake

collectors often have very real information about the consumers including the consumer's bank account information.[1]

29.     On June 27, 2018, CSG emailed Mr. Lindemann the collection letter attached hereto as **Exhibit A**.

30.     Exhibit A states that the original creditor is Midland Financial, that the original loan date was May 19, 2012, that the original balance was $540.00, that the loan was a payday loan, and that the current balance is $1,080.00.

31.     Plaintiffs refused to pay the debt and told GSG to stop calling.

32.     GSG stated it would continue to call until the debt was paid.

33.     GSG continued to call in an attempt to collect the alleged debt.

34.     When Plaintiffs did not pay the alleged debt, GSG began calling Mrs. Lindemann's parents at 813-███-1790.

35.     On June 29, 2018, Mrs. Lindemann's mother answered a call from GSG and spoke to a GSG representative named "Crystal."

36.     Mrs. Lindemann's mother told "Crystal" never to call them again.

37.     "Crystal" told Mrs. Lindemann's mother that her husband's name was associated with Mr. Lindemann and that they could call all numbers associated with Mr. Lindemann.

38.     GSG continued to call Mrs. Lindemann's parents.

39.     Defendant's actions were willful.

---

[1] *Fake Debt Collectors*, FEDERAL TRADE COMMISSION (Feb. 2012), https://www.consumer.ftc.gov/articles/0258-fake-debt-collectors (last accessed Nov. 8, 2017)

### *GSG Failed to Give Required Disclosures*

40.     The telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2).  See Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y. 2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D. Cal. 2005) (same).

41.     Section 1692d(6) of the FDCPA prohibits the placement of telephone calls without meaningful disclosure of the caller's identity.

42.     The Eleventh Circuit has held, "The identity of the caller is meaningfully disclosed provided that both the name of the debt collection company and the nature of the company's business are disclosed." Hart v. Credit Control, LLC, 871 F.3d 1255 (11th Cir. 2017).

43.     Section 1692e(11) of the FDCPA requires debt collectors to disclose in all communications with the consumer that the communication is from a debt collector.

44.     GSG failed to disclose in any of its communications with Plaintiffs (namely, the telephone messages, the return telephone call, or Exhibit A) that the communication was from a debt collector.

45.     GSG is aware that the FDCPA requires debt collectors to disclose they are a debt collector.

46.    That GSG utilizes pre-recorded telephone messages that do not disclose it is a debt collector when it knows it must disclose it is a debt collector evidences that GSG intentionally violates the FDCPA.

47.    Under 15 U.S.C. § 1692g(a) within five days of its initial communication with Mr. Lindemann, GSG was required to provide Mr. Lindemann with a written notice containing—

(1)  the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Exhibit A is the only written correspondence that Mr. Lindemann has ever received from GSG and it does not contain the notice required by 15 U.S.C. § 1692g(a).

48.    In enacting the FDCPA, Congress plainly sought to curb harassment or abuse at the hands of debt collectors, elevating this to the status of a legally cognizable injury and identified the private legal right of consumers to be entitled to receive the disclosures that Congress, in its judgment, included in 15 U.S.C. § 1692d(6), 15 U.S.C. § 1692e(11), and 15 U.S.C. § 1692g  in communications from debt collectors.

49.    GSG's failure to provide disclosures required by the FDCPA deprived Plaintiffs and other consumers of information regarding a private legal right that Congress specifically identified they should have, and created a substantial risk that the consumers would not be able to exercise their rights under the FDCPA.

### GSG Made False Threats and Representations

50.    Both the FDCPA and the FCCPA prohibit debt collectors from making false threats and representations:

15 U.S.C. § 1692e –

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
. . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
. . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

. . .

Fla. Stat. § 559.72 –

In collecting consumer debts, no person shall: . . .

(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

. . .

51.    According   to   its   website   http://midlandpaydayloan.com/tag/midland-financial-llc-payday-loan/ Midland Financial is not a lender – it only connects consumers to lenders.

52.    Accordingly, Defendant's statement in Exhibit A that Midland Financial is the original creditor is false.

53.     The lenders that Midland Financial connects consumers to offer online, high-fee loans.

54.    Upon  information  and  belief,  these  loans  are  deferred  presentment transactions as defined by Florida Statute section 560.402(3), which are commonly known as payday loans.

55.    Companies wishing to engage in deferred presentment transactions in the State of Florida must be licensed as a money services business under Chapter 560, Florida Statutes, Part II or Part III. Fla. Stat. § 560.403.

56.    Midland Financial is not licensed to engage in deferred presentment transactions in the State of Florida.

57.    Upon information and belief, neither are the companies that Midland Financial refers consumers to for payday loans.

58.    If the loans are deferred presentment transactions, they are void pursuant to Florida Statue section 560.125(1) as neither Midland Financial nor the actual lender are authorized to conduct deferred presentment transactions in the State of Florida.

59.     Florida Statute section 560.125(1) states:

> A person may not engage in the business of a money services business or deferred presentment provider in this state unless the person is licensed or

> exempted from licensure under this chapter. A deferred presentment transaction conducted by a person not authorized to conduct such transaction under this chapter is void, and the unauthorized person has no right to collect, receive, or retain any principal, interest, or charges relating to such transaction.

60.     If the loans are not deferred presentment transactions, they are "consumer finance loans" as they are loans for less than $25,000.00 at an interest rate above 18 percent per annum. Fla. Stat. § 516.01.

61.     "A person may not engage in the business of making consumer finance loans unless she or he is authorized to do so under this chapter or other statutes and unless the person first obtains a license from this office." Fla. Stat. § 516.02(1).

62.     Loans at an interest rate above 18 percent per annum made by persons not licensed to make consumer finance loans are "not enforceable in this state." Fla. Stat. § 516.02(c).

63.     Midland Financial is not licensed to engage in making consumer finance loans in the State of Florida.

64.     Upon information and belief, neither are lenders that Midland Financial connects consumers to.

65.     Upon information and belief, the loans have interest rates in excess of 300% per annum.

66.     Florida law makes it a felony of the third degree to extend credit to any person with an interest rate exceeding 45% per annum.  Fla. Stat. § 687.071(3).

67.     Pursuant to Florida Statute § 687.071(7), "No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state."

68.     Defendant attempted to collect the alleged debt, therefore, Defendant attempted to collect an illegitimate debt from Plaintiff.

69.     As of the date of this Complaint, Plaintiffs have not paid the alleged debt, and no lawsuit has been filed against Mr. Lindemann despite GSG's statement that it would take legal action if Plaintiffs did not pay the alleged debt.

70.     GSG never had any intention of filing a lawsuit against Mr. Lindemann.

71.     GSG never had the legal right to file a lawsuit against Mr. Lindemann.

72.     Section 559.553 of the FCCPA requires all consumer collection agencies to first register with the Florida Office of Financial Regulation before attempting to collect a debt.

73.     Section 559.785 of the FCCPA makes it a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering."

74.     GSG was attempting to collect a debt from Plaintiffs and was required to register with the Florida Office of Financial Regulation.

75.     At the time GSG contacted Plaintiffs GSG was not registered with the Florida Office of Financial Regulation as a consumer collection agency.

76.     GSG could not legally sue Mr. Lindemann to collect the debt without first registering with the Florida Office of Financial Regulation.  See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1197-1198 (11th Cir. Fla. 2010).

77.     Upon information and belief, even if GSG was licensed and Mr. Lindemann actually owed the alleged debt, GSG could not sue Mr. Lindemann to collect

the alleged debt because it would be void as either an unauthorized deferred presentment transactions under Florida Statute section 560.125(1) or an unauthorized consumer finance loan with an interest rate above 18 percent per annum under Florida Statute section 516.02(c).

78.     GSG has never filed a lawsuit against a consumer in the State of Florida.

79.     GSG knows it does not have the legal right to sue consumers in the State of Florida.

80.     GSG falsely represented that it was a mediation firm.

81.     GSG falsely represented the legal status or character of the alleged debt.

82.     GSG falsely represented the services rendered by it.

83.     GSG's actions were willful.

### GSG Violated the TCPA

84.     Mr. Lindemann is the regular, customary user and carrier of the cellular telephone number 813-████-6926.

85.     Mrs. Lindemann is the regular, customary user and carrier of the cellular telephone number 813-████-2297.

86.     GSG used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiffs' cellular telephone within four years of this Complaint.

87.     None of GSG's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C.  § 227 (b)(1)(A).

88.     GSG willfully or knowingly violated the TCPA.

## LIABILITY

### *Respondeat Superior Liability*

89.     The acts and omissions of the debt collectors employed as agents by GSG who communicated with Plaintiffs as described above were committed within the time and space limits of their agency relationship with their principal, GSG.

90.     The acts and omissions by the debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by GSG in collecting consumer debts.

91.     By committing these acts and omissions against Plaintiffs, the debt collectors were motivated to benefit their principal, GSG.

92.     GSG is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, FCCPA, and TCPA in their attempts to collect this debt from GSG.

### *Individual Liability of Poutanen*

93.     As set forth in the Counts below, the collection activity of GSG described above violated numerous sections of the FDCPA, FCCPA, and TCPA.

94.     Upon information and belief, POUTANEN is an owner, operator, and / or manager of GSG.

95.     Upon information and belief, POUTANEN controls and directs the collection practices of Global and its employees, including, but not limited to, the placement and content of its telephone messages; whether it discloses it is a debt collector; whether it collects in states where it is required to be licensed but is not;

whether it purchases illegal payday loan debts; and whether it falsely threatens to sue consumers.

96.     POUTANEN regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

97.     POUTANEN regularly, directly or indirectly, collects or attempts to collect debts for other parties.

98.     POUTANEN is a "debt collector" as that term is defined in the FDCPA and FCCPA.

99.     POUTANEN was acting as a debt collector with respect to the collection of the alleged debt.

100.    Pursuant to 47 U.S.C. § 217, an officer, agent or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that person.

101.    As the owner, operator, and / or manager of GSG, POUTANEN established the policies of or carried out the practices of GSG regarding the TCPA or authorized those policies and practices complaint of herein. As the officer that established and carried out the practices of GSG regarding the TCPA or authorized those policies and practices complaint of herein, POUTANEN is liable for the violations of her company in her individual capacity.

*Individual Liability of D'Ambrose*

102.    As set forth in the Counts below, the collection activity of GSG described above violated numerous sections of the FDCPA, FCCPA, and TCPA.

103.    Upon information and belief, D'AMBROSE is an owner, operator, and / or manager of GSG.

104.    Upon information and belief, D'AMBROSE controls and directs the collection practices of Global and its employees, including, but not limited to, the placement and content of its telephone messages; whether it discloses it is a debt collector; whether it collects in states where it is required to be licensed but is not; whether it purchases illegal payday loan debts; and whether it falsely threatens to sue consumers.

105.    D'AMBROSE regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

106.    D'AMBROSE regularly, directly or indirectly, collects or attempts to collect debts for other parties.

107.    D'AMBROSE is a "debt collector" as that term is defined in the FDCPA and FCCPA.

108.    D'AMBROSE was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

109.    Pursuant to 47 U.S.C. § 217, an officer, agent or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person
> acting for or employed by any common carrier or user, acting within

the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that person.

110.    As the owner, operator, and / or manager of GSG, D'AMBROSE established the policies of or carried out the practices of GSG regarding the TCPA or authorized those policies and practices complaint of herein. As the officer that established and carried out the practices of GSG regarding the TCPA or authorized those policies and practices complaint of herein, D'AMBROSE is liable for the violations of his company in his individual capacity.

### *Individual Liability of Foufas*

111.    As set forth in the Counts below, the collection activity of GSG described above violated numerous sections of the FDCPA, FCCPA, and TCPA.

112.    Upon information and belief, FOUFAS is an owner, operator, and / or manager of GSG.

113.    Upon information and belief, FOUFAS controls and directs the collection practices of Global and its employees, including, but not limited to, the placement and content of its telephone messages; whether it discloses it is a debt collector; whether it collects in states where it is required to be licensed but is not; whether it purchases illegal payday loan debts; and whether it falsely threatens to sue consumers.

114.    FOUFAS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

115.    FOUFAS regularly, directly or indirectly, collects or attempts to collect debts for other parties.

116.    FOUFAS is a "debt collector" as that term is defined in the FDCPA and FCCPA.

117.    FOUFAS was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

118.    Pursuant to 47 U.S.C. § 217, an officer, agent or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that person.

119.    As the owner, operator, and / or manager of GSG, FOUFAS established the policies of or carried out the practices of GSG regarding the TCPA or authorized those policies and practices complaint of herein. As the officer that established and carried out the practices of GSG regarding the TCPA or authorized those policies and practices complaint of herein, FOUFAS is liable for the violations of his company in his individual capacity.

### *Liability of John Doe*

120.    Upon information and belief, John Doe is a debt buyer who authorized GSG to collect the alleged debt on its behalf.

121.    More specifically, John Doe is engaged in the business of purchasing defaulted consumer debts originally owed to others.

122.    John Doe uses the mails and telephone in conducting business.

123.   John Doe is a "debt collector" as that term is defined in the FDCPA and FCCPA. See Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014) (holding that debt buyers are undisputedly debt collectors and subject to the FDCPA).

124.   By virtue of its status as a debt collector John Doe is vicariously liable to Plaintiff for GSG's violations of the FDCPA and FCCPA. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 405 (3d Cir. Pa. 2000); McCorriston v. L.W.T., Inc., 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); Schutz v. Arrow Fin. Servs., LLC, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

125.   Because John Doe is the creditor on whose behalf GSG placed the calls, it is jointly and severally liable to Plaintiffs with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCCRUL. 07-232").

### COUNT I – JASON LINDEMANN
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

126.   Plaintiff, Jason Lindemann, incorporates Paragraphs 1 through 19, 40 through 42, 44 through 46, 49, 89 through 92, 93 through 99, 102 through 108, 111 through 117, and 120 through 124 above as if fully set forth herein.

127.   GSG placed telephone calls to Mr. Lindemann's cellular telephone number 813-███-6926 without making meaningful disclosure of its identity when it failed to disclose its true name and purpose in the telephone messages it left on his cellular telephone in violation of 15 U.S.C § 1692d(6). *See* Valencia v The Affiliated Group, Inc., Case No. 07-61381-Civ-Marra/Johnson, 2008 U.S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (N.D.Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE**, Plaintiff, Jason Lindemann, requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

## COUNT II – KARRA LINDEMANN
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

128.   Plaintiff, Karra Lindemann, incorporates Paragraphs 19, 20 through 23, 40 through 42, 44 through 46, 49, 89 through 92, 93 through 99, 102 through 108, 111 through 117, and 120 through 124  above as if fully set forth herein.

129.   GSG placed telephone calls to Mrs. Lindemann's cellular telephone number 813-███-2297 without making meaningful disclosure of its identity when it failed to disclose its true name and purpose in the telephone messages it left on her cellular telephone and in the return telephone call in violation of 15 U.S.C § 1692d(6).

*See* Valencia v The Affiliated Group, Inc., Case No. 07-61381-Civ-Marra/Johnson, 2008 U.S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (N.D.Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE**, Plaintiff, Karra Lindemann, requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT III – KARRA LINDEMANN
### FALSE REPRESENTATION OF DEBT
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)

130.    Plaintiff, Karra Lindemann, incorporates Paragraphs 1 through 28, 50, 53 through 83, 89 through 92, 93 through 99, 102 through 108, 111 through 117, and 120 through 124 above as if fully set forth herein.

131.    GSG falsely represented the character or legal status of the alleged debt to Mrs. Lindemann in the return telephone call in violation of 15 U.S.C. § 1692e(2)(A).

**WHEREFORE**, Plaintiff, Karra Lindemann, requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT IV – KARRA LINDEMANN
### FALSE REPRESENTATION OF SERVICES RENDERED

**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(B)**

132.   Plaintiff, Karra Lindemann, incorporates Paragraphs 1 through 28, 50, 53 through 83, 89 through 92, 93 through 99, 102 through 108, 111 through 117, and 120 through 124 above as if fully set forth herein.

133.   In the return telephone call with Mrs. Lindemann, GSG falsely represented the services rendered by it in connection with the collection of the debt in the in violation of 15 U.S.C. §1692e(2)(B).

**WHEREFORE**, Plaintiff, Karra Lindemann, requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

   a.   Damages;

   b.   Attorney's fees, litigation expenses and costs of suit; and

   c.   Such other or further relief as the Court deems proper.

**COUNT V – KARRA LINDEMANN**
**THREAT TO TAKE ACTION THAT CANNOT BE TAKEN LEGALLY**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)**

134.   Plaintiff, Karra Lindemann, incorporates Paragraphs 1 through 28, 50, 53 through 83, 89 through 92, 93 through 99, 102 through 108, 111 through 117, and 120 through 124  above as if fully set forth herein.

135.   In the return telephone call with Mrs. Lindemann, Defendant threatened to take an action that it could not legally take in violation of 15 U.S.C. §1692e(5).  *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010).

**WHEREFORE**, Plaintiff, Karra Lindemann, requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT VI – KARRA LINDEMANN**
**THREAT TO TAKE ACTION NOT INTENDED TO BE TAKEN**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)**

136.   Plaintiff, Karra Lindemann, incorporates Paragraphs 1 through 28, 50, 53 through 83, 89 through 92, 93 through 99, 102 through 108, 111 through 117, and 120 through 124  above as if fully set forth herein.

137.   In the return telephone call with Mrs. Lindemann, Defendant threatened to take an action that it did not intend to take in violation of 15 U.S.C. §1692e(5).

**WHEREFORE**, Plaintiff, Karra Lindemann, requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT VII – KARRA LINDEMANN**
**FALSE REPRESENTATIONS OR DECEPTIVE MEANS**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)**

138.   Plaintiff, Karra Lindemann, incorporates Paragraphs 1 through 28, 50, 53 through 83, 89 through 92, 93 through 99, 102 through 108, 111 through 117, and 120 through 124 above as if fully set forth herein.

139.    In the return telephone call with Mrs. Lindemann, GSG used false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

**WHEREFORE**, Plaintiff, Karra Lindemann requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

### COUNT VIII –JASON LINDEMANN
### FALSE REPRESENTATIONS OR DECEPTIVE MEANS
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)

140.    Plaintiff, Jason Lindemann, incorporates Paragraphs 1 through 17, 29, 30, 51, 52, 89 through 92, 93 through 99, 102 through 108, 111 through 117, and 120 through 124 above as if fully set forth herein.

141.    In Exhibit A addressed to Mr. Lindemann, Defendant used false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

**WHEREFORE**, Plaintiff, Jason Lindemann, requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

### COUNT IX – JASON LINDEMANN
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

**IN VIOLATION OF 15 U.S.C. § 1692e(11)**

142.     Plaintiff, Jason Lindemann, incorporates Paragraphs 1 through 19, 29, 40, 43 through 45, 48, 49,  89 through 92, 93 through 99, 102 through 108, 111 through 117, and 120 through 124 above as if fully set forth herein.

143.     In the telephone messages GSG left on Mr. Lindemann's cellular telephone number  813-████-6926, GSG failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.*, Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff, Jason Lindemann, requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

     a.  Damages;

     b.  Attorney's fees, litigation expenses and costs of suit; and

     c.  Such other or further relief as the Court deems proper.

**COUNT X – JASON LINDEMANN**
**FAILURE TO SEND WRITTEN NOTICE**
**IN VIOLATION OF 15 U.S.C. § 1692g(A)**

144.     Plaintiff, Jason Lindemann, incorporates Paragraphs 1 through 17, 29, 39, 47 through 49, and 89 through 92, 93 through 99, 102 through 108, 111 through 117, and 120 through 124 above as if fully set forth herein.

145.    GSG failed to send Mr. Lindemann the written notice required by 15 U.S.C. § 1692g(A) within five (5) days of the initial communication in violation of 15 U.S.C. § 1692g(A).

**WHEREFORE**, Plaintiff, Jason Lindemann, requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

### COUNT XI – JASON LINDEMANN
### HARASSMENT AND ABUSE
### IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

146.    Plaintiff, Jason Lindemann, incorporates Paragraphs 1 through 83, 89 through 92, 93 through 99, 102 through 108, 111 through 117, and 120 through 124 above as if fully set forth herein.

147.    GSG willfully engaged in conduct which can reasonably be expected to abuse or harass Mr. Lindemann or his family in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff, Jason Lindemann, requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

### COUNT XII – KARRA LINDEMANN
### AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR
### TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

148.     Plaintiff, Karra Lindemann, incorporates Paragraphs 1 through 19, 31 through 33, 39, 84 through 88, 89 through 95, 102 through 104, 109, 110 through 113, 118, 119, 120, and 125 above as if fully set forth herein.

149.     GSG placed non-emergency telephone calls to Mrs. Lindemann's cellular number 813-████-2297 using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Karra Lindemann, requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.   Damages;

    b.   A declaration that Defendant's debt collection practices violate the TCPA;

    c.   A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

    d.   Such other or further relief as the Court deems proper.

**COUNT XIII – JASON LINDEMANN**
**AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR**
**TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)**

150.     Plaintiff, Jason Lindemann, incorporates Paragraphs 1 through 19, 31 through 33, 39, 84 through 88, 89 through 95, 102 through 104, 109, 110 through 113, 118, 119, 120, and 125 above as if fully set forth herein.

151.    Defendant placed non-emergency telephone calls to Mr. Lindemann's cellular telephone number 813-███-6926 using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Jason Lindemann, requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.  Damages;

b.  A declaration that Defendant's debt collection practices violate the TCPA;

c.  A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

d.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ James S. Giardina*
[ X ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*