UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON LINDEMANN and
KARRA LINDEMANN,

    Plaintiffs,

v.                        Case No. 8:18-cv-1546-T-33SPF

GLOBAL SERVICES GROUP,
LLC,

    Defendant.
_____/

**<u>Order</u>**

This matter comes before the Court in consideration of Plaintiffs Jason Lindemann and Karra Lindemann's Motion for Award of Costs and Attorney's Fees (Doc. # 35) and Proposed Bill of Costs (Doc. # 36), both filed on October 11, 2018. For the reasons that follow, the Motion is granted.

**<u>Discussion</u>**

On October 3, 2018, the Court granted the Lindemanns' Motion for Default Judgment. (Doc. # 33). Accordingly, the Court directed the Clerk to enter judgment in favor of Plaintiffs and against Defendant Global Services Group, LLC, in the amount of $5,500 for their Fair Debt Collection Practices Act (FDCPA), Telephone Consumer Protection Act (TCPA), and Florida Consumer Collection Practices Act (FCCPA)

1

claims. (Id.). Default judgment was then entered on October 4, 2018. (Doc. # 34).

Now, the Lindemanns request an award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2) for their FDCPA and FCCPA claims. (Doc. # 35). They request $439.00 in costs. (Id. at 19). These costs include the filing fee and the service of process fee for Global Services Group. (Id.; Doc. # 36).

Also, the Lindemanns' counsel contend that they incurred $5,280.00 in reasonable attorney's fees, representing a total of 17.5 attorney hours. (Doc. # 35 at 7, 14). Specifically, attorney James S. Giardina billed 0.6 hours at a rate of $350.00 per hour. (Id. at 7). Attorney Kimberly H. Wochholz billed 16.9 hours at a rate of $300.00 per hour. (Id.).

Courts are afforded broad discretion in addressing attorney's fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations." (internal citation omitted)). The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly

rate. Webb v. Bd. of Educ. of Dyer Cty., 471 U.S. 234, 242 (1985).

Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Further, the fee applicant must support the number of hours worked. Id. If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

Here, counsel have provided a detailed fee statement accounting for their hours worked in this case. (Doc. # 35-1). Furthermore, both Giardina and Wochholz have submitted Declarations, outlining their education and legal experience. (Doc. # 35-2; Doc. # 35-3).

Importantly, counsel represent in the Motion that they have waived all fees and costs related to the prosecution of this action against the voluntarily dismissed individual Defendants. (Doc. # 35 at 5). So, counsel is properly requesting only the fees attributable to the Lindemanns' claims against Global Services Group.

Furthermore, counsel recognize that the TCPA does not allow for attorney's fees to the prevailing party. (Id. at 17). However, they represent that no reduction of their requested fee is warranted because "the fees requested here would have been incurred even if the Complaint did not include allegations of TCPA violations." (Id.). They emphasize that all the claims in this case "arose from the same facts – Defendants' telephone calls to Plaintiffs to collect a debt," so additional attorney time was not billed for investigation of the TCPA claim. (Id.).

Upon review of the Motion, fee statement, and counsel's Declarations, the Court agrees that $5,280.00 is a reasonable award of attorney's fees under the circumstances of this case. Additionally, the Court finds that the Lindemanns are entitled to an award of $439.00 for costs. Therefore, the Motion is granted.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs Jason Lindemann and Karra Lindemann's Motion for Award of Costs and Attorney's Fees (Doc. # 35) is **GRANTED.** The Clerk is directed to enter judgment for attorney's fees and costs in favor of Plaintiffs and against Defendant Global

4

Services Group, LLC, for $5,719.00 ($5,280.00 in attorney's fees and $439.00 in costs).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of October, 2018.

<em>/s/ Virginia M. Hernandez Covington</em><br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE